UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

PW Eagle, Inc.,
a Minnesota corporation,

Plaintiff,

v.

Centennial Plastics LLC,

Defendant.

Civil No. 01-1108 DWF/AJB

**STIPULATED PROTECTIVE ORDER**

---

IT IS HEREBY STIPULATED AND AGREED by the parties to the above-entitled action, through the undersigned counsel, that the Court may enter an order pursuant to the following terms:

1. Definitions.

a. The term "Designating Party" means the party producing or designating documents or deposition testimony as "Confidential" or "Highly Confidential" under this Protective Order.

b. The term "Receiving Party" means the party receiving documents or deposition testimony designated as "Confidential" or "Highly Confidential" under this Protective Order.

c. The term "Confidential" as used in this Protective Order means documents (including, but not limited to answers to interrogatories and requests for admissions) and deposition testimony that the Designating Party designates as Confidential. A party may properly designate as Confidential any document or deposition testimony that constitutes or discloses information that is not readily ascertainable, through proper means, by either the public or the party's competitors or potential competitors. All copies, abstracts, excerpts, analysis, or other

FEB 22 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

writings that contain, reflect, or disclose the substance of documents or deposition testimony designated Confidential shall also be deemed Confidential.

d. The term "Highly Confidential" as used in this Protective Order means documents or deposition testimony that the designating party designates as Highly Confidential. A party may designate as Highly Confidential any document or deposition testimony that constitutes or discloses highly sensitive information. All copies, abstracts, excerpts, analysis, or other writings that contain, reflect or disclose the substance of documents produced or deposition testimony designated Highly Confidential shall also be deemed Highly Confidential.

2. Limited Use. Documents and deposition testimony designated Confidential and Highly Confidential pursuant to this Protective Order shall be used only for purposes related to this action, and shall not be used for any business or commercial purpose. Disclosure of information extracted from documents or deposition testimony designated Confidential or Highly Confidential is authorized only in accordance with the terms of this Order.

3. Disclosure Scope/Confidential Material. Documents and deposition testimony designated Confidential may be disclosed only to:

a. The partners, associate attorneys, and staff for the firms of Fredrikson & Byron, P.A., Peterson & Hektner, Ltd., and Rembolt, Ludtke & Berger, LLP, or future designated attorneys who represent any of the parties in this action ("The Attorneys");

b. The plaintiff and defendants, and those officers and employees of the parties to this action who need access to the information to assist the Attorneys in representation of the parties;

c. Independent experts, consultants, or persons or firms employed to provide litigation support services who are not competitors of the parties, or employees of competitors of

the parties, retained on behalf of or by any party for purposes of this litigation, including their secretarial or clerical personnel (the "Independent Experts"), provided that such independent experts or consultants first read this Protective Order and agree to abide by its terms by signing an undertaking in the form attached hereto as Exhibit A;

d. The Court, Magistrate Judge, Special Masters, or other persons appointed by the Court, and stenographic and other deposition reporters;

e. Deposition witnesses, provided that such deposition witnesses first read this Protective Order and agree to abide by its terms by signing an undertaking in the form attached hereto as Exhibit A; and

f. Commercial copying services employed by the parties to make copies of documents and deposition testimony for use in connection with this case.

4. <u>Disclosure Scope/Highly Confidential Material</u>. Documents and deposition testimony designated Highly Confidential may be disclosed to all persons listed in Paragraph 3, above, except: (1) those persons listed in Subparagraph 3 (b), except counsel may provide verbal summaries of Highly Confidential information to those persons listed in subparagraph 3 (b), for the sole purpose of reporting on the status of the litigation, provided that in doing so there is no disclosure of the specific contents of the Highly Confidential material; (2) with respect to the persons listed in Subparagraph 3 (e), prior to showing a deposition witness a document designated as Highly Confidential, counsel questioning the witness must first show the document to counsel for the party which designated that document as Highly Confidential. If the counsel of the Designating Party objects to the document being disclosed to the deposition witness, then the document designated as Highly Confidential shall not be shown to the witness until the Court

rules upon the objection or until the parties reach an agreement so that the objection is withdrawn.

5. Notice/Marking. To invoke protection under this Protective Order, the Designating Party shall provide appropriate notice that documents and deposition testimony, or both, are designated Confidential or Highly Confidential.

a. Documents and deposition testimony designated Confidential shall be conspicuously marked as follows:

**CONFIDENTIAL**

b. Documents and deposition testimony designated Highly Confidential shall be conspicuously marked as follows:

**HIGHLY CONFIDENTIAL**
**ATTORNEYS' EYES ONLY**

It shall be the duty of the Designating Party to provide such notice to the Receiving Party concerning the documents and testimony to be considered as Confidential or Highly Confidential. No document or deposition testimony shall be deemed protected under this Protective Order unless it has been properly marked, with the sole exception contained in Paragraph 12. It shall be the duty of the Receiving Party to comply with this Protective Order from the time of such notice.

6. Additional Relief. Nothing herein shall prevent any party or non-party from seeking additional relief from the Magistrate Judge or the Court, including: (1) a ruling that pertinent information or documents should not be treated as Confidential or Highly Confidential under this Order and/or (2) permission to disclose Confidential or Highly Confidential

documents to any person who might not otherwise be permitted to receive such documents under the provisions of this Order.

7. Burden of Proof. In the event a Receiving Party contests the designation of any document, deposition testimony, or other information as Confidential or Highly Confidential, the parties agree to consider removing or relaxing the confidential designations. In the event the parties cannot agree, the Designating Party shall have the burden of proof in any hearing or other proceeding before the Court that any Confidential or Highly Confidential designation is necessary and appropriate. A Receiving Party is not obligated to challenge the propriety of another party's designation of documents and deposition testimony as either Confidential or Highly Confidential at the time the designation is made, and failure to do so does not preclude a subsequent challenge to the designation.

8. Amendment/Modification. This Protective Order may be amended with respect to specific documents or deposition testimony without leave of Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this case. This Protective Order shall remain in force and effect indefinitely until modified, superseded, or terminated on the record by agreement of the parties hereto or by Order of the Court.

9. Documents and Things Produced for Inspection. All documents and things produced for inspection shall be presumed to be Highly Confidential at the time of inspection by the adverse party (or Receiving Party). After this inspection, but within a reasonable time after the Receiving Party has requested copies of certain documents, the Designating Party shall appropriately designate any Confidential or Highly Confidential documents as defined in Subparagraphs 1 (c) and 1 (d), and produce the requested copies.

10. Depositions. All testimony taken by way of depositions, whether by subpoena or notice of taking depositions, will be subject to the terms of this Protective Order. A transcript may be designated Confidential or Highly Confidential by any party or witness by requesting such treatment either (1) on the record or (2) by written communication mailed within thirty days after receipt by the witness of the transcript for reading and signing. All parties shall treat a transcript as Highly Confidential during that thirty day period. If confidential treatment is requested on the record, the court reporter shall mark the face of the transcripts containing the designed testimony with the designation "Confidential" or "Highly Confidential," as appropriate.

Counsel for the Designating Party may also request that all persons other than the witness, the court reporter or reporters, counsel, and those individuals specified in Paragraph 4, leave the deposition room during the portion of the deposition which inquires into matters deemed Highly Confidential by the Designating Party.

11. Inadvertent Disclosure. If a party produces any material in discovery containing proprietary information without having previously marked them "Confidential," such disclosure shall not be deemed to be a waiver. The party may subsequently designate the material as "Confidential" or "Highly Confidential" by written notice whereupon the opposing parties will from that date forward treat the material as so denigrated.

12. Exceptions for Consent and Court Order. Nothing contained herein shall prevent disclosure beyond the terms of this Order if the Designating Party consents in writing or on the record to such disclosure or if the Court, after notice to all affected parties, authorizes such disclosure.

13. Filing with Court. Written materials containing documents or deposition testimony, or other information designated Confidential or Highly Confidential, or copies,

abstracts, excerpts, analysis or other writings that contain, reflect, or disclose the substance of such documents or deposition testimony, when filed with or submitted to the Clerk of Court, Magistrate Judge, Special Master, or other person appointed by the Court, shall be filed in sealed envelopes, or by other appropriate means the Court may direct, on which shall be endorsed (l) the title of this action, (2) the phrase "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER," and (3) a statement substantially in the following form or containing language of similar import:

> This envelope contains confidential information which is to be kept under seal except by written agreement of the parties or order of the Court.

14. Trial Exhibits. If a Receiving Party intends to introduce into evidence at a trial any Confidential or Highly Confidential document or deposition transcript, the Receiving Party shall so inform the Court and Designating Party, and the Court will take the steps it may deem reasonably necessary to preserve the confidentiality of such information.

15. Conclusion of Litigation.

(a) At the conclusion of this litigation, by way of judgment, settlement or otherwise, Counsel for each party may retain a record including its correspondence file of this case, its pleadings file (including all briefs, memoranda and affidavits), and any briefs or appendix on appeal and all legal research memoranda, irrespective of whether or not Confidential or Highly Confidential Information of another party is included.

(b) Except as otherwise provided in paragraph (a) of this Section, at the conclusion of this litigation, each party or other person subject to the terms of this Protective Order shall either destroy or return to the Designating Party, all documents and things designated as containing Confidential or Highly Confidential Information and shall certify such destruction

or return in writing to the Designating Party. Such return or destruction shall not relieve said parties or persons from the obligations imposed on them by this Protective Order.

(c) At the conclusion of this litigation, the Court shall retain jurisdiction to enforce this Protective Order.

Dated: February 11, 2002.

Daniel J. Maertens (#188311)
Lora Esch Mitchell (#259615)
**FREDRIKSON & BYRON, P.A.**
1100 International Centre
900 Second Avenue South
Minneapolis, MN 55402-3397
Phone: (612) 347-7098/7185
Fax: (612) 347-7077

**Counsel for PW Eagle, Inc.**

Dated: February ____, 2002.

Thomas E. Peterson (#8640X)
**PETERSON, HEKTNER LTD**
145 Paramount Plaza
7831 Glenroy Road
Bloomington, MN 55439
Phone: (952) 921-2211
Fax: (952) 837-0927

Kevin C. Siebert
**REMBOLT, LUDTKE & BERGER LLP**
1201 Lincoln Mall, Suite 102
Lincoln, NE 68508

**Counsel for Centennial Plastics LLC**

**ORDER**

BASED ON THE FOREGOING STIPULATION, it is hereby ordered that the parties shall abide by all terms and duties pertaining to the dissemination and use of Confidential and Highly Confidential material.

IT IS SO ORDERED.

Dated: 2/22/02

Arthur J. Boylan
United States Magistrate Judge

::ODMA\PCDOCS\FBDOCS1\2596328\1

**EXHIBIT A**

The undersigned, being duly sworn and of lawful age, deposes and says the following:

1. My full name and current address is:

______________________________________________________________________

____________________________________________________________.

2. My present occupation is ______________________________.

3. My present employer is ___________ and the address of my present employer is _

______________________________________________________.

4. Prior to receiving any documents and information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," in the above-captioned action, I was provided with a copy of the Protective Order, which I have read and fully understand.

5. I agree to be bound by the terms of the Protective Order, and to submit to the jurisdiction of the U.S. District Court of Minnesota concerning the enforcement of the Order.

6. I understand and agree not to discuss, disclose or otherwise reveal the information subject to the Protective Order to anyone, except individuals who also are permitted to view, inspect, examine, or discuss the materials, as stated in the Protective Order.

7. I received confidential information in my capacity as an (attorney, secretary, expert, other) ____________________.

Dated: __________________ ________________________________

Signature

Subscribed and sworn to before me
this ____ day of ________, 2002.

______________________________
Notary Public

::ODMA\PCDOCS\FBDOCS1\2596328\1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 8/10/01